FILED
United States Court of Appeals
Tenth Circuit

December 12, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

KEITH MADRILL LEE BENTLEY,

       Defendant-Appellant.

No. 08-3090
(D. Kansas)
(No. 5:99-CR-40045-JAR-1)

ORDER AND JUDGMENT[*]

Before **McWILLIAMS**, Senior Circuit Judge, **BALDOCK**, Senior Circuit Judge, and **BRORBY**, Senior Circuit Judge.[**]

On November 30, 1999, in the United States District Court for the District of

Kansas, Keith Madrill Lee Bentley, the defendant, after pleading guilty to various drug

charges, was sentenced to imprisonment for 100 months on each of five counts in the

indictment to be served concurrently, and, on his release from imprisonment, he was to be

placed on supervised release for a term of six years on each of the five counts, to be served

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

concurrently.

On October 3, 2006, upon his release from imprisonment, the defendant began his six-year sentence of supervised release.  Conditions of that release included the following: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not illegally possess a controlled substance; and (3) the defendant shall not leave Kansas without permission of the Court or the Probation Office.

On May 17, 2007, and twice thereafter, the Probation Office filed in the District Court for the District of Kansas a petition to issue a warrant for the defendant's arrest based on his violations of the terms of his supervised release, including the following: possession of a controlled substance in St. Louis, Missouri;  leaving Kansas and going to Missouri without permission of the Court or the Probation Office; and, on another occasion,  possession of a controlled substance in Topeka, Kansas.

After a full evidentiary hearing, the District Court on March 18, 2008, revoked the defendant's supervised release and pursuant to 18 U.S.C. § 3583(e) sentenced him to imprisonment for 36 months on each of the five counts, to run concurrently, with the recommendation that the sentence be served in a federal medical center facility. Defendant filed a timely notice of appeal.

On appeal, defendant's counsel, who represented the defendant in the District Court, has filed a so-called *Anders* Brief.  *Anders v. California,* 386 U.S. 738 (1967).  A copy of that brief was served on the United States and the defendant, and, by letter, we have been advised that the United States would file no answer brief.  In his *Anders* Brief,

defendant's counsel stated that there were three possible issues that could be, and are, raised in the instant appeal. As framed by counsel, these issues are as follows:

Issue I: Whether the evidence was sufficient to support the revocation of Mr. Bentley's supervised release.

Issue II: Whether the sentenced imposed was excessive in light of the nature of Mr. Bentley's violations.

Issue III: Whether the issues Mr. Bentley wishes to appeal are without merit and accordingly whether court-appointed counsel should be allowed to withdraw pursuant to 10th Cir. R. 46.4(B)(1) and *Anders v. California*, 386 U.S. 738, 97 S. Ct. 1396 (1967).

I.

After an extended evidentiary hearing on the Probation Officer's petition to revoke the defendant's supervised release, the District Court found by a preponderance of the evidence that the defendant had violated the terms of his supervised release in at least three particulars: on two separate occasions he had committed a federal, state, or local crime, i.e. he had illegally possessed a controlled substance and, in addition, he had failed to comply with the requirement that he not leave the judicial district of Kansas without the permission of the court or probation officer. On appeal, in his *Anders* brief, counsel first challenges the sufficiency of evidence to support the revocation of defendant's supervised release. Our review of the record convinces us that the evidence was amply sufficient.

The record clearly shows that on one occasion a car which was owned by the defendant and in which the defendant was a front seat passenger was stopped by local police in St. Louis, Missouri, for a traffic violation, the driver of that car being defendant's

fiancee, who had failed to stop at a stop sign. An arresting officer testified that just before the stop he had observed the passenger lean forward and apparently placed an object under his car seat, and then lean backward in his seat. After the stop was accomplished, the officer found a loaded gun under the seat where the defendant had been seated, and a subsequent search of the vehicle revealed controlled substances.[1]

On a separate occasion, in Topeka, Kansas, a local resident called the local police and complained that her son's friend was "trashing" her home and battered her. The police responded, however, by that time the "trasher" had left the scene, but had left his vehicle in the driveway. The defendant later returned to the scene of the "trashing." A search of defendant's vehicle also disclosed the presence of a controlled substance.

Finally, by his presence in St. Louis, Missouri, it follows that the defendant had left Kansas and had gone to Missouri in violation of the provisions in his supervised release prohibiting interstate travel without the permission of the court or the probation officer, neither of which he had.

In addition to the foregoing, it would appear that the defendant also violated the federal law prohibiting a felon from possessing a firearm. In any event, we agree with counsel that any "sufficiency of the evidence" argument is "wholly frivolous" under *Anders*.

---

[1] At the revocation hearing the defendant elected not to testify. His fiancee, however, did testify and stated that the contents of the car, i.e. guns and controlled substances, belonged to her, not the defendant. One of the arresting officers testified that the defendant asked the officer if Ms. Irons, his fiancee, could "take the case for him" because he was on federal release and she did not have a criminal record.

Counsel next argues that the sentence imposed, i.e., 36 months imprisonment on each of the five counts, to be served concurrently, is "excessive in light of Mr. Bentley's violations." Again we agree with counsel that this issue is also "wholly frivolous."

As stated, after revoking defendant's term of supervised release, the District Court sentenced defendant to imprisonment for 36 months on each of the five counts to be served concurrently, pursuant to 18 U.S.C. § 3583(e). That statute provides that after revoking a defendant's term of supervised release, the district court could impose a sentence as follows:

> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case;

The defendant in the instant case started his term of supervised release on October 5, 2006, and such release was revoked on March 18, 2008. Because defendant's original offense consisted of Class B felonies, the statutory maximum is three years imprisonment. The district court also consulted the United States Sentencing Guidelines policy statement on revocation of supervised release and based on defendant's Grade of Violation and Criminal History, found the range of imprisonment to be 30-37 months. It was in this

setting that the District Court sentenced defendant to imprisonment for three years, i.e. 36 months.

18 U.S.C. § 3583(e) does state that in sentencing under that statute a court may consider, *inter alia*, the factors set forth in 18 U.S.C. § 3553.  It is in this statutory setting that counsel suggests that the sentence of 36 months was "excessive" and presumably "unreasonable."  However, we again agree with counsel that this issue is "wholly frivolous" under *Anders*.  All things considered, defendant's sentence of 36 months was neither "excessive" nor "unreasonable."

As to counsel's third so-called "issue" raised in this appeal, i.e. whether "the issues that Mr. Bentley wishes to appeal are without merit," and that counsel should be allowed to withdraw pursuant to *Anders,* we agree with counsel that they are "without merit" and therefore "wholly frivolous."

Accordingly, under *Anders*, we dismiss the present appeal and grant counsel's request to withdraw.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge